IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


ELISA A. JOHNSON                                                    PLAINTIFF



          v.                              CIVIL NO. 12-3041



MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                     DEFENDANT


### MEMORANDUM OPINION

          Plaintiff, Elisa A. Johnson, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

---

[1]Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013.  Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner  Michael
J. Astrue as the defendant in this suit.

## I.      Procedural Background:

Plaintiff protectively filed her current applications for DIB and SSI on July 16, 2008, alleging an inability to work since June 1, 2004,[2] due to fibromyalgia, degenerative disc disease, muscle problems, and a bipolar disorder.[3]  (Tr.  216, 224, 271).  An administrative hearing was held before an ALJ on September 3, 2009.  (Tr. 62-101).  An unfavorable decision was issued on February 19, 2010.  (Tr. 106-117).  On April 11, 2011, the Appeals Council remanded the case for the ALJ to reconsider Plaintiff's residual functional capacity (RFC) and to obtain vocational expert testimony.  (Tr. 122-123).  A supplemental administrative hearing was held on November 1, 2011, at which Plaintiff testified and appeared with counsel.  (Tr. 28-61).

By written decision dated November 28, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 19).  Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease, a fractured clavicle, and a mood disorder.  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 19).  The ALJ found Plaintiff retained the RFC to:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she can occasionally climb, balance, stoop, kneel, crouch and crawl.  She cannot reach overhead with her dominant upper extremity.  The claimant can do work where interpersonal contact is incidental to the work performed, the complexity of task is learned by rote with few variables and little judgment involved, and supervision is specific, concrete and direct.

[2]Plaintiff, through her counsel, amended the alleged onset date to July 1, 2008.  (Tr. 33).

[3] The record revealed that subsequent to the February 19, 2010, ALJ decision, Plaintiff filed new applications for DIB and SSI.  (Tr. 255).  These applications with combined with the applications currently before the Court and addressed by the ALJ during the November 2011 administrative hearing.  (Tr. 31).

-2-

(Tr. 20).  With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an unskilled production worker.  (Tr. 27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 14, 2012.  (Tr. 1-4).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 5).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 7, 9).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

AO72A
(Rev. 8/82)

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

## III.   Discussion:

Plaintiff argues the following issues in this appeal: 1) substantial evidence on the record as a whole does not support the presentation of the RFC; 2) the ALJ erred in not giving proper

-4-

weight to Plaintiff's treating physician; and 3) there is a conflict between the vocational expert testimony and the Dictionary of Occupational Titles.

### A.    The ALJ's RFC Determination and Treating Physician Opinion:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'"  Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir.2000) (citations omitted).  An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions.  Id. at

-5-

1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2))

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. The Court notes that in determining Plaintiff's RFC, the ALJ specifically discussed the relevant medical records, and set forth the reasons for the weight given to the medical opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted). With regard to Dr. Kevin Jackson, one of Plaintiff's treating physicians, the ALJ specifically addressed the Physical Residual Functional Capacity Questionnaire (Questionnaire) completed by Dr. Jackson on October 20, 2011. The ALJ found that the Questionnaire was inconsistent with Dr. Jackson's own treatment notes, as well as the record as a whole.

The Court would also note that the ALJ's RFC finding indicates that Plaintiff's dominant upper extremity was limited, when in fact the record revealed and the ALJ included in the hypothetical question to the vocational expert, that Plaintiff's non-dominant upper extremity was limited. The Court finds the ALJ's typographical error in the unfavorable decision to be harmless error.

Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

AO72A
(Rev. 8/82)

### B.     Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. <u>Goff v. Barnhart</u>, 421 F.3d 785, 794 (8th Cir. 2005).  The vocational expert also testified that his findings were not in conflict with the Dictionary of Occupational Titles.

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as an unskilled production worker.  <u>Pickney v. Chater</u>, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### C.     Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to:  (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions.  <u>See</u> <u>Polaski v. Heckler</u>, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  <u>Id</u>.  As the United States Court of Appeals for the Eighth Circuit observed, "Our

-7-

touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." <u>Edwards</u>
<u>v. Barnhart</u>, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, and the Defendant's well-stated reasons set
forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective
complaints, including the <u>Polaski</u> factors.  As noted by the ALJ in the unfavorable decision, the
record revealed that during the relevant time period Plaintiff sought treatment after lifting a bed;
taking care of her grandchildren; staining boards for her new house; and falling from a horse on
two occasions.   Furthermore, in November of 2010, Plaintiff reported that she was able to
perform activities of daily living.  Therefore, although it is clear that Plaintiff suffers with some
degree of pain, she has not established that she is unable to engage in any gainful activity.  <u>See</u>
<u>Craig v. Apfel</u>, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause
pain or discomfort does not mandate a finding of disability).  Accordingly, the Court concludes
that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints
were not totally credible.

**D.      Fully and Fairly Develop the Record:**

While an ALJ is required to develop the record fully and fairly, <u>see</u> <u>Freeman v. Apfel</u>,
208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is
necessary for an informed decision), the record before the ALJ contained the evidence required
to make a full and informed decision regarding Plaintiff's capabilities during the relevant time
period.  <u>See</u> <u>Strongson v. Barnhart</u>, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop
record fully and fairly to ensure it includes evidence from treating physician, or at least
examining physician, addressing impairments at issue).

AO72A
(Rev. 8/82)

IV.    **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 12th day of March, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)